UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARELL FRIDAY,

        Petitioner,

v.                                                 Case No. 17-12351
                                                 Honorable Denise Page Hood

JOSEPH BARRETT,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTIONS TO HOLD HIS HABEAS PETITION IN ABEYANCE [5, 6] AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

This case has come before the Court on petitioner Tarell Friday's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 and Petitioner's motions to hold the petition in abeyance. For the reasons set forth below, the Court will grant Petitioner's motions for a stay, hold the habeas petition in abeyance, and close this case for administrative purposes.

## I. BACKGROUND

Petitioner alleges that, in December of 2016, Detroit police officers arrested him while he was sitting on a couch in someone's apartment. During a search of the apartment, the officers discovered a firearm magazine and two men hiding in the bedroom. Witnesses identified one of the two men in the bedroom as the owner of the firearm magazine. Petitioner, nevertheless, was detained, and because he was a state parolee at the time, his parole officer charged him with five counts

of violating the conditions of parole. All five charges, which involved threatening behavior and possessing a firearm or firearm components, were dismissed for lack of probable cause at a preliminary hearing held on December 29, 2106.

On January 5, 2017, while Petitioner was still detained, his parole officer charged him with the same five counts and one new count of changing his address without the permission of his field agent. The charges were dismissed for lack of probable cause at a second preliminary hearing.

On January 25, 2017, Petitioner's parole officer charged him with three counts of violating the conditions of parole: (1) possessing firearm ammunition; (2) possessing firearm components; and (3) violating state law. Probable cause apparently was established at the third preliminary hearing, and after a parole revocation hearing, the Michigan Parole Board revoked Petitioner's parole and ordered his imprisonment for twenty-four months.

On July 19, 2017, Petitioner filed his habeas corpus petition. He maintains that, after two preliminary hearings where there was insufficient evidence to support the charges, he should have been reinstated on parole. He also claims that friction between him and his parole agent may have influenced his agent's judgment and that his continued detention in state custody violates his right to due process.

On July 25, 2017, the Court granted Petitioner leave to proceed *in forma pauperis*, but before the Court could take any further action in this case, Petitioner filed two identical motions to hold his habeas petition in abeyance. He appears to be saying that he wishes to pursue state remedies for his claim before proceeding with his habeas petition.

## II. ANALYSIS

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. A federal district court ordinarily must dismiss a petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Petitioner apparently has not exhausted any state remedies for his due process claim, but he has an available state remedy to exhaust. In Michigan, a state prisoner may challenge the revocation of parole by filing a state complaint for the writ of habeas corpus. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779; 371 N.W.2d 862, 865 (1985) (citing *In re Casella*, 313 Mich. 393; 21 N.W.2d 175

(1946)). "[T]here is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Id*. (citing *In re Rankin,* 330 Mich. 91; 47 N.W.2d 28 (1951)). "Orders of denial in habeas corpus proceedings are not appealable as of right," but the prisoner may renew his claims by filing an original complaint in the Michigan Court of Appeals. *Id*., 142 Mich. App. at 779-80; 371 N.W.2d 866 (citing *Parshay v. Warden of Marquette Prison,* 30 Mich. App. 556, 558, 186 N.W.2d 859 (1971)).

Although the Court could dismiss the petition while Petitioner pursues these state remedies, a dismissal of this case could result in a subsequent petition being barred by the one-year statute of limitations applicable to habeas petitions filed under § 2254. *See* 28 U.S.C. § 2244(d). The Court, therefore, believes the more prudent approach would be to stay this case. Federal district courts ordinarily have authority to grant stays, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and they "may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (emphasis in original).

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his [or her] failure to exhaust, his [or her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines*, 544 U.S. at 278.

Because Petitioner has raised an arguable claim and is not engaged in intentionally dilatory litigations tactics, it would not be an abuse of discretion to stay this case. The Court, therefore, GRANTS Petitioner's motions to hold his habeas petition in abeyance **(Document Nos. 5 and 6)** while he pursues state remedies for his due process claim.

As a condition of the stay, Petitioner shall raise his due process claim in state court within **ninety (90) days** of the date of this order. If he is unsuccessful in state court and wishes to return to this Court, he must file an amended petition and a motion to re-open this case, using the same case number that appears on this order. The amended petition and motion to re-open this case must be filed within **ninety (90) days** of the state courts' resolution of Petitioner's claim. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

The Court ORDERS the Clerk of the Court to close this case for administrative purposes. Nothing in this order should be construed as an adjudication of Petitioner's claim.

                                                  s/Denise Page Hood
                                                  Chief Judge, United States District Court

Dated: October 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2017, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager